FILED
CLERK, U.S. DISTRICT COURT

FEB - 4 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO.  CR 10-1324-DSF |
| v. | ) |
|  | ) **ORDER OF DETENTION** |
| ROBERT PAUL SAAD, | ) |
| Defendant. | ) |

## I.

A. ( )   On motion of the Government in a case allegedly involving:

    1. ( )   a crime of violence.

    2. ( )   an offense with maximum sentence of life imprisonment or death.

    3. ( )   a narcotics or controlled substance offense with maximum sentence of ten or more years .

    4. ( )   any felony - where the defendant has been convicted of two or more prior offenses described above.

    5. ( )   any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C § 2250.

B. (✓)   On motion by the Government / ( ) on Court's own motion, in a case

---

**ORDER OF DETENTION AFTER HEARING (18 U.S.C. §3142(i))**

1          allegedly involving:

2     ( )      On the further allegation by the Government of:

3     1. (✓)    a serious risk that the defendant will flee.

4     2. ( )    a serious risk that the defendant will:

5          a. ( ) obstruct or attempt to obstruct justice.

6          b. ( ) threaten, injure, or intimidate a prospective witness or juror or

7               attempt to do so.

8  C. The Government ( ) is/ (✓) is not entitled to a rebuttable presumption that no

9     condition or combination of conditions will reasonably assure the defendant's

10    appearance as required and the safety of any person or the community.

11

12                              II.

13  A. (✓)    The Court finds that no condition or combination of conditions will

14          reasonably assure:

15    1. (✓)    the appearance of the defendant as required.

16       (✓)    and/or

17    2. (✓)    the safety of any person or the community.

18  B. ( )    The Court finds that the defendant has not rebutted by sufficient

19          evidence to the contrary the presumption provided by statute.

20

21                              III.

22  The Court has considered:

23  A. the nature and circumstances of the offense(s) charged, including whether the

24     offense is a crime of violence, a Federal crime of terrorism, or involves a minor

25     victim or a controlled substance, firearm, explosive, or destructive device;

26  B. the weight of evidence against the defendant;

27  C. the history and characteristics of the defendant; and

28  D. the nature and seriousness of the danger to any person or to the community.

---

**ORDER OF DETENTION AFTER HEARING (18 U.S.C. §3142(i))**

## IV.

The Court also has considered all the evidence adduced at the hearing and the arguments and/or statements of counsel, and the Pretrial Services Report/recommendation.

## V.

The Court bases the foregoing finding(s) on the following:

A. (✓)   As to flight risk:  Defendant has a lengthy history of fraud, including the use of multiple aliases.  Also, inconsistencies existed in the information Defendant provided to Pretrial Services.  Further, Defendant can proffer no viable sureties.

B. (✓)   As to danger:  Defendant appears to be a recidivist.  Defendant continues to mislead and/or use others to mislead.  In the instant matter, the Court granted bond on certain conditions, including the condition that the proposed sureties submit affidavits regarding their employment and financial worth.  The proposed sureties submitted, charitably stated, incorrect information.  Following an investigation by the Government, it was unearthed that the address stated by one surety, Carl Artis for his employer, Bac2Bac Music, belongs to Defendant under the name of "Jonny Tarver," one of Defendant's aliases.  Defendant's other surety, Tami Jenkins, provided an employer address that does not exist.  During an evidentiary hearing, Mr. Artis could not provide an explanation for this inconsistency and, moreover, Mr. Artis supplied wholly unsatisfactory information regarding the nature of his employment, including, his duties, his supervisor, and his earnings.  Ms. Jenkins evidently elected not to appear at the hearing.

## VI.

A. ( )     The Court finds that a serious risk exists that the defendant will:

    1. ( ) obstruct  or  attempt to  obstruct  justice.

    2. ( ) attempt to/ ( ) threaten, injure or intimidate a witness or juror.

B. The Court bases the foregoing finding(s) on the following: _____

_____

_____

_____

_____

_____

_____

_____

## VII.

A. IT IS THEREFORE ORDERED that the defendant be detained prior to trial.

B. IT IS FURTHER ORDERED that the defendant be committed to the
custody of the Attorney General for confinement in a corrections facility
separate, to the extent practicable, from persons awaiting or serving
sentences or being held in custody pending appeal.

C. IT IS FURTHER ORDERED that the defendant be afforded reasonable
opportunity for private consultation with counsel.

///
///
///
///
///
///
///

ORDER OF DETENTION AFTER HEARING (18 U.S.C. §3142(i))

1    D. IT IS FURTHER ORDERED that, on order of a Court of the United States

2         or on request of any attorney for the Government, the person in charge of

3         the corrections facility in which the defendant is confined deliver the

4         defendant to a United States marshal for the purpose of an appearance in

5         connection with a court proceeding.

6

7

8

9    DATED: February 4, 2011

10                                    HONORABLE JAY C. GANDHI
                                       UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**ORDER OF DETENTION AFTER HEARING (18 U.S.C. §3142(i))**

CR-94 (06/07)                                                    Page 5 of 5